Ben T. Welch (13397)
Bryan B. Todd (19099)
SNELL & WILMER L.L.P.
15 South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Fax: (801) 257-1800
Email:  bwelch@swlaw.com
          btodd@swlaw.com


Brian A. Lamping (*pro hac vice forthcoming*)
Benjamin I. Middleton (*pro hac vice forthcoming*)
THOMPSON COBURN, LLP
505 N. 7th St., One US Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-6000
Fax:  (314) 552-7000
Email:  blamping@thompsoncoburn.com
          bmiddleton@thompsoncoburn.com

*Attorneys for Advantage Capital Utah Partners I, LLC.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ADVANTAGE CAPITAL UTAH PARTNERS I, LLC**, a Louisiana limited liability company<br><br>　　　　Plaintiff,<br><br>v.<br><br>**GFES SUSTAINABLE, INC.**, a Wyoming corporation,<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br>Case No.: |

Plaintiff Advantage Capital Utah Partners I, LLC ("Plaintiff" or "Advantage Capital"), by and through its undersigned counsel, hereby brings this Complaint against Defendant GFES Sustainable, Inc. ("Defendant" or "GFES"), and alleges as follows:

## PARTIES

1.      Plaintiff Advantage Capital Utah Partners I, LLC is a Louisiana limited liability company.

2.      Defendant GFES Sustainable, Inc. is a Wyoming corporation.

3.      On information and belief, GFES's principal place of business is at 299 S. Main Street, Suite 1300, Salt Lake City, Utah 84111.

## JURISDICTION AND VENUE

4.      GFES is a citizen of Wyoming and Utah.

5.      Advantage is a citizen of each state in which any of its members are citizens.

6.      Advantage has 41 members.

7.      37 of Advantage's members are natural persons who are domiciliaries of the following states:

      a.      Michael Johnson, Gerald Daigle, Justin Obletz, Anthony Toups, Franchesca Lorio, Talmadge Singer, Charles Booker, Philip Ruppel, Mary Beth Maygarden, Nicole Pilie, and Sara Talbot are each domiciled in Louisiana.

      b.      Jonathan Goldstein, Jeffrey Craver, Kristen Craver, Jeremy Degenhart, Timothy Hassler, Gregory Schwarztrauber, Leah Hendricks, Anthony Billings, and Joseph Lynch are each domiciled in Missouri.

    c.    Lewis Dubuque, Sandra Moore, Thomas Keaveney, and Philip Marshall are each domiciled in Florida.

    d.    Joshua Rogers, and Alexandra Twyman are each domiciled in New York.

    e.    Reid Hutchins, and Christopher Harris are each domiciled in New Hampshire.

    f.    Thomas Bitting, and Keith Freeman are each domiciled in Colorado.

    g.    Thomas Willsey and Ryan Brennan are each domiciled in California.

    h.    Donn Mayoras is domiciled in Illinois.

    i.    James O'Rouke is domiciled in New Jersey.

    j.    Damon Rawie is domiciled in Texas.

    k.    Ryan Dressler is domiciled in Ohio.

    l.    Adam Suberi is domiciled in Isreal.

8.    Two of Advantage's members are limited liability companies with the following memberships:

    a.    ACP Acquisition Group, LLC has two members, M. Scott Murphy and Jennifer Hogan. Both members are natural persons and domiciled in New York.

    b.    Advantage Capital Investment Management, LLC has two members, Steven Stull and Claire Stull. Both members are natural persons and domiciled in California.

4921-9748-9039

9.      One of Advantage's members, Advantage Capital Management Corporation, is a Louisiana corporation with a principal place of business at 909 Poydras St., Suite 2230, New Orleans, Louisiana 70112.

10.     One of Advantage's members, the Maurice E. Doyle Declaration of Trust, is a traditional trust. The settlor of the Trust is Maurice E. Doyle, a natural person who was domiciled in Illinois prior to his recent death. Mr. Doyle was also the sole trustee of the Trust. Following his death, a successor trustee will be appointed under the terms of the Trust. That successor trustee is not currently known to Advantage. However, on information and belief and after reasonable investigation, all potential successor trustees are citizens of the United States and of at least one state therein. None of the potential successor trustees are citizens of Utah or Wyoming.

11.     Advantage is a citizen of Louisiana, Missouri, Florida, New Hampshire, New York, Colorado, California, Illinois, New Jersey, Texas, Ohio, and Isreal.

12.     Because none of Advantage's members are citizens of Utah or Wyoming, Advantage is not a citizen of Utah or Wyoming.

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.     Venue is proper in the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1391(b)(1) because GFES is a citizen of Utah with a principal place of business in the Central Division of the District.

15.     Venue is additionally proper under the forum selection clause of the Guaranty Agreement between Advantage and GFES, which provided that: "ANY LITIGATION ARISING HEREUNDER SHALL BE SUBJECT TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED IN THE STATE OF UTAH, AS LENDERS MAY DESIGNATE."

16.     In the Guaranty Agreement, GFES expressly consented to the personal jurisdiction of "ANY STATE OR FEDERAL COURT LOCATED IN THE STATE OF UTAH" and agreed that such courts "SHALL HAVE PERSONAL JURISDICTION OVER [GFES]." GFES further "WAIVE[D] ANY AND ALL RIGHTS TO CONTEST SAID JURISDICTION AND VENUE."

## FACTUAL BACKGROUND

**The Loan**

17.     On or about December 21, 2022, Advantage entered into a Credit Agreement with Blue Core Labs, Inc. and Rethink Brands, Inc. (collectively, the "Borrower"), pursuant to which Advantage agreed to loan the Borrower up to $2,900,000.00 (the "Loan").

18.     The Loan was further evidenced by a promissory note in the original principal amount of $2,900,000.00 from Borrower to the order of Advantage, dated December 21, 2022 (the "Note").

19.     As a condition precedent to making the Loan, Advantage required that GFES execute and deliver a guaranty agreement in favor of Advantage.

20.     At the time of the making of the Loan, GFES owned 33.53% of the issued and outstanding stock of Blue Core Labs, Inc.

4921-9748-9039

**The Guaranty**

21.     On or about December 21, 2022, GFES executed and delivered a Guaranty Agreement (the "Guaranty") in favor of Advantage. A true and accurate copy of the Guaranty is attached as **Exhibit A**.

22.     Under Paragraph 2.1(A) of the Guaranty, GFES "unconditionally and irrevocably guarantie[d] to [Advantage] the punctual payment and performance when due, whether at stated maturity or by acceleration or otherwise, the Obligations of Borrower to [Advantage] with respect to the Loan and all other indebtedness and other obligations of Borrower to [Advantage] under the Loan Documents with respect to the Loan (such Obligations and other indebtedness, obligations and other amounts are hereinafter referred to as 'Payment Obligations')."

23.     GFES agreed that "[i]f for any reason Borrower shall fail or be unable to pay, punctually and fully, any of the Payment Obligations, [GFES] shall pay such obligations to [Advantage] in full immediately upon demand." *See* Guaranty at ¶ 2.1(B).

24.     GFES's guaranty obligation was limited to the "Limited Guaranty Amount," which is defined as "the aggregate of the following: (i) One Million and No/100 Dollars ($1,000,000) and (ii) all of [Advantage's] reasonable expenses incurred in collecting payment of [GFES's] Liabilities, as defined below, including, without limitation, [Advantage's] reasonable attorneys' fees." *Id.* at ¶ 2.1(A).

25.     GFES's Liabilities were defined in Paragraph 2.1(B) to include the "Payment Obligations, together with all other payment and performance obligations of Guarantor hereunder, as limited by the Limited Guaranty Amount."

26.     Under the Guaranty, GFES's acknowledged that the guaranty "is a present and continuing guaranty of payment and not of collectability," and that Advantage "shall not be required to prosecute collection, enforcement or other remedies against Borrower or any other Guarantor of the Payment Obligations, or to enforce or resort to any collateral for the repayment of the Payment Obligations or other rights or remedies pertaining thereto, before calling on [GFES] for payment." *Id.* at ¶ 2.1(B).

27.     The Guaranty provides that GFES "is directly and primarily liable, jointly and severally with Borrower, for the Payment Obligations, subject to the Limited Guaranty Amount." *Id.* at ¶ 2.2.

28.     The Guaranty also sets forth multiple Events of Default, the occurrence of any one of which shall cause GFES's liabilities to be "immediately due and payable and enforceable against Guarantor, at Advantage's principal place of business, whether or not the Payment Obligations are then due and payable." *Id.* at ¶ 6.3.

29.     Among the Events of Default are: (1) GFES's failure "to pay any of the Liabilities when the same are due and payable or declared due and payable, after taking into account any applicable cure period contained therein," and (2) the occurrence of a default under any of the Loan Documents. *See id.* at ¶¶ 6.1(C), (M).

30.     Upon an Event of Default, "if [GFES's] Liabilities are not immediately paid by [GFES] to [Advantage] at [Advantage's] principal place of business," Advantage may "proceed to suit against [GFES] and at [Advantage's] election." *See id.* at ¶ 6.4.

31.     In the Guaranty, GFES expressly waived "presentment, demand, notices of default, nonpayment, partial payment and protest, and all other notices or formalities to which [GFES] may be entitled." *Id.* at ¶ 5.5.

32.     The Guaranty provides that it "shall be governed and controlled as to interpretation, enforcement, validity, construction, effect and in all other respects by the laws, statutes and decisions of the State of Ohio." *Id.* at ¶ 7.2.

**GFES's Default**

33.     The Loan matured on December 13, 2024 and Borrower failed to make full payment of all amounts due under the Note and other Loan Documents.

34.     Advantage notified GFES of the default by letter on March 28, 2025 and demanded payment of GFES's Liabilities under the Guaranty. A true and accurate copy of this notification is attached as **Exhibit B**.

35.     At the time of Advantage's letter, GFES's liabilities amounted to $1,005,000.00, comprising the Limited Guaranty Amount and $5,000 in attorneys' fees.

36.     As of the date of this Complaint, GFES has failed to remit payment under the Guaranty.

## COUNT I: BREACH OF CONTRACT

37.     Advantage incorporates by reference paragraphs 1 through 36 above as if fully set forth herein.

38.     The Guaranty constitutes a valid and enforceable contract between Advantage and GFES.

- 8 -

4921-9748-9039

39.     Advantage has performed all conditions, covenants, and obligations required of it under the Guaranty and the Loan Documents, including making the Loan to the Borrower and issuing a proper demand to GFES following default.

40.     An Event of Default has occurred under the Guaranty by reason of the Borrower's failure to pay all amounts due upon the maturity of the Loan on December 13, 2024.

41.     Advantage made demand upon Defendant for payment of the GFES's Liabilities due under the Guaranty after default by Borrower.

42.     GFES breached the Guaranty by failing to make payment of the amounts due and owing under the Guaranty following Advantage's demand.

43.     An additional Event of Default has occurred under the Guaranty by reason of GFES's failure to remit payment of its Liabilities upon demand by Advantage.

44.     GFES again breached the Guaranty by failing to timely remit payment to Advantage.

45.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount no less than $1,000,000.00, plus reasonable attorneys' fees and costs incurred in collecting payment under the Guaranty.

WHEREFORE, Plaintiff Advantage Capital Utah Partners I, LLC respectfully requests that this Court enter judgment in its favor and against Defendant GFES Sustainable, Inc., and award the following relief:

A.     Compensatory damages in the amount of $1,000,000.00, representing the principal amount of GFES's guaranty obligation under the Limited Guaranty Amount;

4921-9748-9039

B.      Advantage's reasonable attorneys' fees and costs incurred in collecting payment of

the Liabilities, as provided for in the Guaranty;

C.      Pre-judgment and post-judgment interest at the highest rate permitted by law;

D.      Costs of suit; and

E.      Such other and further relief as the Court deems just and proper.

Dated this 13th day of February, 2026.

**SNELL & WILMER L.L.P.**

*/s/ Ben T. Welch*
Ben T. Welch
Bryan B. Todd

*Attorneys for Plaintiff Advantage*
*Capital Utah Partners I, LLC*

- 10 -

4921-9748-9039